**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JONATHAN DE JESUS VEGA GARCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1659-D** |
| | ) | |
| **FRED FIGUEROA et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jonathan de Jesus Vega Garcia, a noncitizen[1] and citizen of Mexico[2] proceeding with counsel, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1, 1-1). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondent filed a response and Petitioner filed a reply. (ECF Nos. 8 & 9).

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] There is no evidence in the record, such as a birth certificate or a passport, that explicitly demonstrates that Petitioner is a citizen of Mexico. Rather, the only piece of evidence outside of Petitioner's initial petition is a notice from the ICE "locator" website which states that Mexico is Petitioner's country of birth. (ECF No. 1-1:1). This document was provided by Petitioner. *See id*. Therefore, the Court presumes that Petitioner is a citizen of Mexico.

The Court presumes this fact because despite being specifically ordered by this court that Respondents "must include copies specific to Petitioner's current detainment, current bond hearings, related past orders for supervision subject to the current detainment and travel documents secured for this petitioner, if any," Respondents failed to do so. *See* ECF No. 6 & 8.

For the reasons set forth below, the undersigned recommends that the Court grant the petition, in part, and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten business days or otherwise to release him if there is no hearing within that time.

## I. BACKGROUND AND PETITIONER'S CLAIMS

At an unknown date, Petitioner entered the United States without inspection.[3] On or around June 2, 2026, the Grand Prairie, Texas, Police Department arrested Petitioner and charged him with driving while intoxicated.[4] *See* ECF No. 8:2. On or around July 17, 2026, Grand Prairie authorities released Petitioner into ICE custody. *See id*. Sometime afterwards, Petitioner was detained at the Diamondback Correctional Facility in Watonga, Oklahoma. (ECF No. 1-1). The record does not demonstrate that ICE or the Department of Homeland Security (EOIR) have charged Petitioner with any grounds of inadmissibility or referred him to removal proceedings before the Immigration Court. However, as implied by their respective filings, both Petitioner and Respondents appear to agree that Petitioner is inadmissible, that he entered without inspection, and that he was detained in the interior of the United States. *See* ECF No. 1, 8.

While in ICE custody and detained at the Diamondback Correctional Facility, Petitioner, through his attorney, filed the present petition to challenge his detention. (ECF

---

[3] Neither party submitted evidence as to when Petitioner initially entered the United States.

[4] Respondents failed to submit evidence of Petitioner's arrest, as well as whether charges remain pending, to the Court.

No. 1). Petitioner alleges that his detention is subject to 8 U.S.C. § 1226(a) such that he is entitled to a bond hearing and that his detention without such a hearing is a violation of the Due Process Clause of the Fifth Amendment. (ECF No. 1:13-15). Petitioner also seeks the Court to prevent ICE from transferring him out of the Western District of Oklahoma as his petition remains pending and award him attorneys' fees and costs.[5] (ECF No. 1:15-16).

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

As stated, Petitioner alleges his detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a bond hearing. (ECF No. 1). Petitioner is correct.

Under the Immigration and Nationality Act (INA), the detention of noncitizens who are classified as "applicants for admission"[6] and "seeking admission" is mandatory under

---

[5] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture. Additionally, based on the recommendation, the Court need not consider Petitioner's request for declaratory relief and Petitioner's request for an order to show cause has been rendered moot by this Court's order for Response. *See* ECF No. 1:15-17.

[6] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines

8 U.S.C. § 1225(b)(2)(A). By contrast, 8 U.S.C. § 1226(a) allows for the arrest of noncitizens on a warrant and grants ICE the discretion to keep a noncitizen detained or to release the noncitizen on bond.[7]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir 2026). The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237. In reading the statutory text and the context of its creation, the court reasoned that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. at 1239.

Here, as Respondent concedes, *Santillan Quiroz* is binding on this Court and is applicable to Petitioner's factual circumstances. *See* ECF No. 8:2-4 ("The Federal Respondents acknowledge the recent decision by the Tenth Circuit Court of Appeals . . .

---

"admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

[7] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the noncitizen bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the noncitizen is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the noncitizen should be detained, the noncitizen can seek review of that decision at a bond hearing before an Immigration Judge *Id.* § 236.1(d)(1). An Immigration Judges' decision to detain may be further appealed to the Board of Immigration Appeals (BIA). *Id.* § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

[and] recognize that it directs a bond hearing under the circumstances present in this case.").

Therefore, based on Respondents' concession and the Tenth Circuit's decision in *Santillan Quiroz*, the Court finds that Petitioner, who appears to have been detained in the interior of the United States, is subject to detention under 8 U.S.C. § 1226(a). Despite this, Petitioner has not been granted a bond hearing as provided by the statute. *See id*. Accordingly, the Court finds that Respondent has demonstrated that he is in custody in violation of the laws of the United States, that he is entitled to habeas relief under 28 U.S.C. § 2241(c)(3), and that bond hearing is the appropriate remedy. *See Santillan Quiroz*, 180 F.4th 1251, n.13; *see also Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026).[8]

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

---

[8] With this recommendation, the Court need not consider Petitioner's argument that his detention violates Due Process. *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing).

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **September 17, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 10, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE