**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JONATHAN DE JESUS VEGA GARCIA, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-1659-D |
| FRED FIGUEROA, *et al.*, | ) | |
| Respondents. | ) | |

# ORDER

Petitioner Jonathan De Jesus Vega Garcia filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Mexico who entered the United States in December 2025. *Id.* at p. 5, 12. On or about June 2, 2026, the Grand Prairie, Texas, Police Department arrested Petitioner and charged him with driving while intoxicated. [Doc. No. 11-2]. On or about June 17, 2026, Grand Prairie law enforcement released Petitioner into the U.S. Immigration and Customs Enforcement's ("ICE") custody. *Id.* at p. 3. His removal proceedings are ongoing. [Doc. No. 1, at p. 2]. He is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 10]. Petitioner challenges his detention by ICE on various grounds, to include Petitioner's claim that ICE violated his Fifth Amendment right to due process, and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226. [Doc. No. 1]. Respondents filed a response in opposition [Doc. No. 8], to which Petitioner filed a reply [Doc. No. 9].

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 2]. Judge Erwin issued a Report and Recommendation ("Report") [Doc. No. 10], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* Judge Erwin also recommended that the Court decline to address the issue of whether ICE violated Petitioner's Fifth Amendment right to due process. *Id.*

Respondents filed a timely Objection to the Report, asserting that Petitioner is properly detained under 8 U.S.C. § 1225(b), but conceding that pursuant to *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), he is entitled to a bond hearing. [Doc. No. 11].

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Erwin's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226, not § 1225(b)(2)(A). Moreover, the Court agrees with Judge Erwin's conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Given

this determination, the Court also agrees with Judge Erwin's recommendation and declines to address Petitioner's remaining claims at this time, including his due process claim.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 10] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 28th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE